**Khin Maung TUN, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70324.
Agency No. A71–592–451.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 13, 2003.

Alexandru A. Cristea, Esq., Downey, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Efthimia S. Pilitsis, Office of Immigration Litigation, Washington, DC, for Respondent.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Khin Maung Tun, a native and citizen of Burma, petitions for review of an order of the Board of Immigration Appeals ("BIA") summarily affirming the order of an immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

gration judge ("IJ") denying his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). Because the transitional rules apply, *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence the IJ's adverse credibility determination, *Mejia–Paiz v. INS*, 111 F.3d 720, 722–23 (9th Cir.1997), and deny the petition for review.

■ The IJ identified material inconsistencies between Tun's testimony, his asylum application, and his written declaration regarding his purported membership in the National League for Democracy and his participation in student protests. Because these inconsistencies go to the heart of his asylum claim, substantial evidence supports the adverse credibility determination. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001). Accordingly, Tun failed to establish eligibility for asylum or withholding of deportation. *See Hakeem v. INS*, 273 F.3d 812, 816–17 (9th Cir.2001).

■ We reject Tun's contention that the IJ did not adequately review his request for relief under the CAT. Because the record contains no evidence that Tun was ever persecuted or harmed while he resided in Burma, the IJ reasonably concluded that Tun failed to demonstrate that it is more likely than not that he would be tortured if he is deported to Burma. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282–83 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.